UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN S. ROUDA,<br><br>    Plaintiff,<br><br>    v.<br><br>PFIZER INC.,, et al.,<br><br>    Defendants. | Case No.  14-cv-01195-JST<br><br>**ORDER STAYING ACTION AND DENYING MOTION TO REMAND WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 18, 19 |

In this products liability action, Defendant Pfizer Inc. ("Pfizer") moves to stay the case pending a decision by the JPML as to the transfer of this action to MDL No. 2502. Plaintiffs oppose the motion to stay and move to remand the action to the San Francisco Superior Court. For the reasons set forth below, the motion to stay is GRANTED and the motion to remand is DENIED WITHOUT PREJUDICE.

**I.     BACKGROUND**

Plaintiffs filed this action in San Francisco Superior Court on February 21, 2014, for claims arising of the injuries allegedly caused by the use of the prescription drug Lipitor, which is manufactured by Defendant Pfizer. Pfizer removed this action on the basis of the Class Action Fairness Act ("CAFA").

The Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2502 on February 18, 2014, ("Lipitor MDL") to coordinate pending federal Lipitor cases. See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig., MDL No. 2502, Dkt. 103 (J.P.M.L. Feb. 18, 2014). The action has been identified to the JPML as a potential tag-along action for transfer to the Lipitor MDL.

Defendants move to stay this action pending a final decision by the JPML as to the potential transfer of this action to the Lipitor MDL. Plaintiffs oppose the motion to stay and move

instead to remand the action.

## II.     LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether a stay is warranted pending the JPML's determination of a transfer petition, courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Couture v. Hoffman-La Roche, Inc., No. 12-cv-2657-PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012) (quoting Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal.1997) (citation omitted)).

When motions to stay and to remand are pending, "deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Id. (citation and internal quotation marks omitted). In deciding whether to rule on the motion to remand, "courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

## III.     DISCUSSION

The Court concludes that each of the factors discussed above weighs strongly in favor of staying this action pending the JPML's final resolution of the transfer petition.

The potential prejudice to Plaintiffs that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed. Finally, as several courts throughout the country have recognized, staying an action pending a final decision as to whether it should be transferred to an MDL promotes judicial economy. See, e.g., J.W. v. Pfizer, Inc., 13-cv-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) (granting motion to stay on the grounds that staying the action pending a final decision by the JPML would promote judicial economy and lead to "consistent rulings and

1  efficient consideration of common issues").

### IV. CONCLUSION

Defendants' motion to stay this action pending a final determination by the JPML as to the transferability of this action to MDL No. 2502 is GRANTED. Plaintiffs' motion to remand is DENIED WITHOUT PREJUDICE. Plaintiffs shall file a motion to lift the stay in the event that the JPML issues a final order denying the requested transfer.

**IT IS SO ORDERED.**

Dated: April 14, 2014



JON S. TIGAR
United States District Judge

3